THE PEOPLE ex rel. ARCHIBALD McLANE *v.* EDGAR A. WHITNEY, as Sheriff.

(County Court, Franklin County, December, 1897.)

Criminal law — Denial of a trial by a legally constituted jury.

Where a person, charged with an assault in the third degree, demands, upon arraignment, a jury trial, and the magistrate, instead of delivering the venire to a constable, as required by the Code of Civil Procedure, section 2993, delivers it to a deputy sheriff, having by statute no authority in the premises, and the accused subsequently objects to the authority of the justice to draw and impanel the jury, to his jurisdiction, and to all the proceedings had before trial, the subsequent conviction of the accused is illegal, as he has been deprived of his right to a trial by a legally constituted and constitutional jury.

RETURN to writ of *habeas corpus.*

The relator was arrested for an assault in the third degree, and upon his arraignment before the magistrate demanded a trial by jury.

The justice drew a jury and gave the venire to a deputy sheriff to serve.

The counsel for the relator objected to the jurisdiction of the court, and the legality of the jury, and the authority of the justice after conviction to inflict any punishment for the offense.

N. H. Munsill, for relator.

F. G. Paddock, district attorney, and M. T. Scanlon, for defendant.

BEMAN, J. It appears by the return of the defendant in this matter that he holds the prisoner, the relator, in custody by virtue of a " certificate of conviction," signed and certified by the magistrate and which appears to be in due form of law and in full compliance with section 724 of the Code of Criminal Procedure. It serves the dual purpose of a certificate of conviction and a commitment of the relator to the custody of the defendant as sheriff of the county and keeper of the common jail. The return shows in addition that " a judgment of conviction was rendered against the

defendant of which said certificate is a copy." This return is traversed by the relator and thus two questions are raised for the consideration of this court.

It will not be necessary to discuss the question of the sufficiency of the commitment. The judgment being assailed we must consider whether the magistrate had jurisdiction to impose the sentence of imprisonment on the relator.

It appears that a jury trial was demanded by the relator and was had before the magistrate, but that the venire issued by him for the purpose of procuring a jury as provided by law was delivered, not to a constable as required by the Code of Civil Procedure, section 2993, but to a deputy sheriff, having no authority to execute the same or to summon the jurors. This may not have been fatal although the action of the justice was irregular in delivering the venire to a person other than a constable, and had the defendant (relator) deemed it proper to submit to a trial by jury as drawn and impaneled by the justice without objection he might not be permitted to avail himself of such irregularity in this proceeding, but, inasmuch as he did object to the authority of the justice to draw and impanel the jury, to his jurisdiction and to all of the proceedings before trial, he fully placed himself in a position to ask relief under this writ.

It clearly appears by the records of the magistrate that the relator was deprived of the right of a trial by a legally constituted and constitutional jury, and any conviction under such circumstances must be taken as without his consent, but in the face of his specific objections it was error and his conviction and sentence to imprisonment was without authority of law.

In view of these facts, it is my opinion that the writ should be sustained and the relator discharged from further confinement in the jail of the county.

Ordered accordingly.